UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Paul Hofmann and Nancy Hofmann,

    Plaintiffs,

v.                                                            Case No. 13-cv-255 (JNE/SER)
                                                           ORDER

Enterprise Leasing Company
of Minnesota, LLC, et al.,

    Defendants.

This matter is before the Court on Defendant Enterprise Leasing Company's objection to Magistrate Judge Steven E. Rau's October 15, 2014 order granting Plaintiffs leave to amend their complaint to add defendants whose joinder would destroy diversity jurisdiction in this Court, and Plaintiffs' October 17, 2014 motion to remand. For the reasons set forth below, the objection is denied, the motion to remand is granted, and all remaining motions in this matter are denied as moot.

## BACKGROUND

Plaintiff Jeffrey Hofmann, a Minnesota resident, was injured in an accident while driving a truck rented from Enterprise, a Delaware limited liability company with its principal place of business in Missouri. The truck's left front tire failed. Plaintiffs allege that Enterprise was negligent in failing to inspect the truck and warn of potential defects.

Plaintiffs filed suit in state court. Enterprise removed on the basis of diversity jurisdiction and answered the complaint on January 31, 2013. The parties conducted discovery. In April 2013, Enterprise produced a repair estimate dated January 4, 2012 and showing that ABRA Auto Body & Glass in Ham Lake, Minnesota serviced the truck before Hofmann's accident. On May 30, 2014, Enterprise provided Plaintiffs with an affidavit executed by the General Manager of

ABRA in Ham Lake, stating that he evaluated the truck's tires for damages and irregularities on January 4, 2012 and found none. Plaintiffs filed their motion to amend on June 12, 2014, seeking to add ABRA Auto Body & Glass ("ABRA"), a Minnesota corporation, as a defendant.[1] The magistrate judge granted Plaintiffs' motion to amend the complaint. Plaintiffs filed their amended complaint and motion to remand on October 17, 2014. Enterprise filed an objection to the magistrate judge's order on November 3, 2014.

## STANDARD OF REVIEW

An order granting leave to amend is nondispositive, and objections to magistrate judges' nondispositive orders are reviewed under a clearly erroneous or contrary to law standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 7.1(b)(4)(A)(i), 72.2(a); *see also Daley v. Marriott Int'l, Inc.,* 415 F.3d 889, 893 n. 9 (8th Cir. 2005) (referring to a motion to amend as a "nondispositive pretrial motion"); *Kost v. Hunt*, No. 13-583, 2014 WL 2002989, at *1 (D. Minn. May 15, 2014).

Enterprise argues that this Court should review the order de novo because the order has the impact of a dispositive order. In particular, Enterprise argues that a motion to remand is dispositive, and this order has the effect of a motion to remand because the addition of the non-diverse defendants would destroy jurisdiction and require remand. For the proposition that courts should "go beyond the label and consider the impact of the action taken on the case," Enterprise cites *EEOC v. Schwan's Home Serv.*, 707 F. Supp. 2d 980, 988 (D. Minn. 2010). In that case, the court concluded that "an application to enforce an administrative subpoena *duces tecum*, where there is no pending underlying action before the Court, is generally a dispositive matter, and

---

[1] Plaintiffs' sought to add three parties: ABRA Minnesota Inc., ABRA Automotive Systems, Inc., and KLST, Inc., d/b/a ABRA Auto Body & Glass.  For ease of reference, this Court will refer to the collective ABRA entities as "ABRA."

therefore, when a Magistrate Judge considers such an application, the district court reviews the Magistrate Judge's determinations *de novo*." *Id.* at 987. Enterprise provides no reason why the holding in *Schwan's*—which involved a unique administrative procedure with no pending underlying action in court—is relevant here.

For the proposition that, "[w]here a motion could result in the disposition of the case, a *de novo* standard of review applies," Enterprise cites three cases from this district, all of which involve de novo review of a magistrate judge's report and recommendation, not a magistrate judge's order. For the proposition that, "[w]here a motion may result in remand, courts have held that they are dispositive for purposes of determining the appropriate standard," Enterprise cites two cases from this district, both of which involve review of a magistrate judge's report and recommendation. None of these five cases are persuasive because a district court must always make an independent, de novo review of the portions of a magistrate judge's report and recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1).

Pursuant to federal rule and statute, a district court reviews magistrate judge orders granting leave to amend under a clearly erroneous or contrary to law standard. Enterprise cites to no persuasive authority showing that this Court should depart from this general rule and look behind the nondispositive label to the order's effect in this instance. Accordingly, this Court reviews the magistrate judge's order to determine whether it was clearly erroneous or contrary to law.

## DISCUSSION

Leave to amend must be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, because Plaintiffs' motion was outside the time provided by the Pretrial Scheduling Order, the magistrate judge applied Rule 16(b)'s "good cause" standard for modifying a

...
...

schedule, which is stricter than the standard under Rule 15. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins,* 464 F.3d 813, 822 (8th Cir. 2006). The prejudice to the nonmovant resulting from the modification may also be a relevant factor. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 717 (8th Cir. 2008). Furthermore, in cases that would join a non-diverse party, a court should also scrutinize whether the motion was made to defeat federal jurisdiction and examine the harm to the plaintiff if the motion is denied. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009).

      Enterprise argues that Plaintiffs were not diligent in filing their motion to amend because Plaintiffs were notified that ABRA repaired and inspected the rental truck in April 2013, when Enterprise produced the repair estimate showing that ABRA worked on the truck before Hofmann's accident. The magistrate judge concluded that "the estimate to which Enterprise refers does not make any mention of tires," and thus does not provide notice to Plaintiffs that ABRA inspected the truck's tires. Magistrate's Order at 6. Enterprise also argues that record evidence supports the fact that ABRA conducts tire services generally and, from this evidence, Plaintiffs should have known to conduct discovery with respect to whether ABRA was a potentially liable party. In particular, Enterprise cites to ABRA's estimate for repairing the truck after Hofmann's accident, which lists tire services performed by ABRA and which was disclosed to Plaintiffs in April 2013. The magistrate judge found that, although the estimate listed tire repairs, "there are zero hours of labor associated with those repairs" and some of the tire work is coded as "sub" for "sublet," suggesting ABRA did not perform the tire work itself. Magistrate's Order at 7. Enterprise also points to questions and answers in the March 4, 2014 deposition of Mario Graeber, a former Enterprise employee, to show that Plaintiffs should have conducted discovery of ABRA and knew of ABRA's role in servicing the truck. The transcript contains

multiple references to ABRA. The magistrate judge concluded that Graeber's deposition did not show that Plaintiffs had notice of ABRA's tire inspection because Graeber specifically named Paul Williams and Tires Plus, and not ABRA, as the shops that Enterprise uses for tire work. Magistrate's Order at 6.

To show that Plaintiffs were not diligent in filing their motion to amend and intended to destroy diversity jurisdiction, Enterprise relies on *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302 (8th Cir. 2009), in which the court affirmed the district court's decision to deny the plaintiff's motion to add new defendants. *Id.* at 309. The *Bailey* court gave two reasons for its decision. First, the court stated that the plaintiff "failed to inform the court such joinder would destroy diversity," suggesting that the parties "were joined primarily for the purpose of defeating federal jurisdiction." *Id.* Second, the court held that the plaintiff was dilatory in filing his motion because the plaintiff "knew all of the involved parties before he filed the action." *Id.* The plaintiff claimed he did not add the parties sooner because he did not know their residences, but there was no record evidence that he attempted to determine their residences. *Id.* Here, Plaintiffs informed the Court that their amendments would destroy diversity jurisdiction and Plaintiffs did not know about ABRA prior to filing suit. Accordingly, the magistrate judge concluded that *Bailey* is not instructive here. Magistrate's Order at 7, 10.

Finally, Enterprise argues that it would be prejudiced if the order were affirmed because it has defended this case for nearly two years in federal court, while Plaintiffs would not be prejudiced because ABRA is a permissive party and Plaintiffs could still pursue their claims against ABRA in state court. The magistrate judge found that any prejudice to Enterprise is outweighed by the efficiency of litigating the issues related to the accident at the same time and in the same forum. Magistrate's Order at 12.

Having reviewed the record, this Court cannot conclude that the magistrate judge's order is clearly erroneous or contrary to law. Thus, Enterprise's objection is denied.

28 U.S.C. § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." By affirming the magistrate judge's order, this Court has permitted Plaintiffs to join non-diverse parties whose joinder destroys jurisdiction. Pursuant to section 1447, this Court remands the action to state court. All remaining motions before the Court in this matter are moot.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Enterprise's objection to the magistrate judge's order [Docket No. 115] is DENIED.

2. Plaintiffs' motion to remand to state court [Docket No. 82] is GRANTED, and this matter is remanded to the District Court of Minnesota, Fourth Judicial District, Hennepin County.

3. All remaining motions [Docket Nos. 61, 66, 71, 76, 87, 107, 128] are DENIED AS MOOT.

Dated:  December 8, 2014

                                                             s/Joan N. Ericksen
                                                             JOAN N. ERICKSEN
                                                             United States District Judge